UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIR CASEY FORLES DAILEY LATOUR,

Petitioner,

v.

A1 TOWING,

Respondent.

Case No. 25-cv-07579-NW

**ORDER SCREENING PETITION, DISMISSING MATTER WITHOUT PREJUDICE**

Re: ECF No. 7

Petitioner Sir Casey Forles Dailey LaTour, a state prisoner, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 raising several claims. ECF No. 1. The petition is now before the Court for screening and is **DISMISSED WITHOUT PREJUDICE**.

I.     BACKGROUND

     A.     Standard of Review

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

     B.     LaTour's Claims

In his petition (ECF No. 1), LaTour alleges that while he was housed in the San Mateo County Jail, a deputy "harassed and pushed" him. *Id.* at 5. LaTour states that he is disabled. On an unspecified date, jail staff denied LaTour his medication and wheelchair, then placed LaTour in a cell that was not wheelchair-accessible. When LaTour was unable to get up to pick up his food

during a meal, jail staff refused to bring the meal to his cell.  LaTour also alleges that he was sent to a hospital for unspecified reasons and not "give[n] . . . the right care." *Id.* at 10.  He seeks monetary damages.

## II.   DISCUSSION

LaTour does not provide information about why he is in custody, name a proper respondent, or allege that he is in custody in violation of the Constitution or federal law.  Rather, LaTour challenges his conditions of confinement, and the claims should have been brought as a civil rights lawsuit.  *See Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973); *see also* 42 U.S.C. § 1983.  While the Court has discretion to convert the petition to a civil rights complaint, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971),[1] the Court declines to do so here because LaTour does not provide crucial information, including the names of any of the deputies, jail staff, or doctors he describes in his petition.  Accordingly, if he wishes to pursue his claims, LaTour must do so in a civil rights complaint naming proper defendants.  At that time, LaTour may also apply for *in forma pauperis* ("IFP") status for the civil rights case filing fee, which— in contrast to the five dollar fee to file a habeas corpus petition— ranges from $350 to $405.

## III.   CONCLUSION

The Court orders as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** to LaTour raising his claims in a new civil rights lawsuit.

2. The pending request to proceed IFP (ECF No. 7) is **DENIED** as moot.

3. The Clerk is requested to send LaTour blank prisoner civil rights complaint and IFP forms with the copy of this Order.

**IT IS SO ORDERED.**

Dated: February 12, 2026

_____
Noël Wise
United States District Judge

---

[1] Superseded by statute on other grounds as noted in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

2